Matter of Francis v Buckbee Mears Cortland (2019 NY Slip Op 06028)





Matter of Francis v Buckbee Mears Cortland


2019 NY Slip Op 06028


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

526101

[*1]In the Matter of the Claim of MICHELLE I. FRANCIS, Appellant,
v
BUCKBEE MEARS CORTLAND et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 29, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Hinman, Howard & Kattell, LLP, Binghamton (Jeffrey A. Jaketic of counsel), for appellant.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed February 3, 2017, which ruled that the reopening of the claim was barred by Workers' Compensation Law § 123.
Claimant sustained a work-related injury to her back in February 1995 and was awarded workers' compensation benefits. In December 1995, claimant received an award for lost time from work for the period of February 22, 1995 through March 20, 1995. In 2003, the employer's workers' compensation carrier was discharged from liability and liability transferred to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.
In 2010, the Special Fund disputed claimant's request for medical treatment to include laminotomy surgery. By decision filed January 12, 2011, the matter was resolved in favor of the Special Fund without prejudice for claimant to resubmit the surgical request in the event the approved treatment did not result in a positive outcome. The file was marked no further action. In 2015, claimant filed a request for further action seeking authorization for lumbar surgery, which, as reflected in a November 13, 2015 decision, was authorized by the Special Fund. The file was marked no further action.
Following the February 29, 2016 lumbar surgery, claimant sought lost wage compensation. The Special Fund opposed the request, claiming that Workers' Compensation Law § 123 barred any further awards. Following a hearing and submission of memoranda of law, the Workers' Compensation Law Judge ruled that the matter was not truly closed, and thus the provisions of Workers' Compensation Law § 123 were inapplicable, and awarded indemnity benefits. By decision filed February 3, 2017, the Workers' Compensation Board ruled that the case was truly closed as of the January 12, 2011 decision, at which time no further proceedings were contemplated. Thus, Workers' Compensation Law § 123 barred further indemnity awards, [*2]as there had been a lapse of more than 18 years since the injury and eight years from the date of the last payment of compensation. Claimant appeals.
The Board decision was filed on February 3, 2017 and there is no indication in the record that claimant did not receive timely notice thereof. There is no dispute that the notice of appeal was filed beyond the 30 days in which to appeal the Board's decision as set forth in Workers' Compensation Law
§ 23. Given that a notice of appeal was neither filed nor served within the relevant time period, the instant appeal is untimely and must be dismissed (see CPLR 5520 [a]; Matter of Hinovic v Greenstar Coop. Mkt., 111 AD3d 1031, 1032 [2013]; Matter of Whitmore v Carrier Corp., 50 AD3d 1404, 1404 [2008], appeal dismissed 10 NY3d 954 [2008]).
Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, without costs.